Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Guru Denim, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURU DENIM, INC., a California Corporation dba TRUE RELIGION BRAND JEANS,<br><br>            Plaintiff,<br><br>      vs.<br><br>FASHION Q, an unknown business entity; AGN APPAREL, INC., a California Corporation; BUM YONG LEE, an individual; and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO. CV 12-02164 SVW (MRWx)<br><br>**ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE** |

WHEREAS Plaintiff Chrome Hearts, LLC and Defendants Fashion Q, AGN Apparel, Inc., and Bum Yong Lee ("Defendants") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendants, having agreed to consent to the below terms, it is hereby **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

    1.    This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

    2.    Plaintiff is the owner of the trademark registrations for word marks "TRUE RELIGION" (registrations include but are not limited to U.S. Reg. Nos. 3,628,973 and 3,162,614) and "TRUE RELIGION BRAND JEANS" (registrations include but are not limited to U.S. Reg. Nos. 2,761,793 and 3,120,797), as well as

1  various composite trademarks comprising said word marks and assorted design
2  components (collectively "True Religion Marks").
3     3.   True Religion's "U" marks, which are well-known and highly recognized.
4  True Religion has used the "U" marks in association with the sale of goods, including
5  jeans, jackets, and shorts, since as early as 2002.  One of the "U" marks was registered
6  at the U.S Patent and Trademark office in 2006.  Since then, True Religion has used
7  various composites and variations of the "U" marks on its goods, most of which have
8  been registered with the United States Patent and Trademark Office.  Registrations for
9  the "U" marks include, but are not limited to the following (collectively "True
10 Religion's "U" Marks").



(U.S. Reg. No. 3,561,466)



(U.S. Reg. No. 3,147,244)

(U.S. Reg. No. 3,482,001)



(U.S. Reg. No. 3,568,127)

21    4.   Plaintiff has alleged that Defendants' purchase, importation, distribution,
22 advertisement, offering for sale, and sale of products which infringe upon True
23 Religion's "U" Marks ("Disputed Products") constitute trademark infringement,
24 trademark dilution, and unfair competition under the Lanham Trademark Act, and
25 under the common law.
26    5.   Defendants and their agents, servants, employees and all persons in active
27 concert and participation with them who receive actual notice of this Final Consent
28

Judgment are hereby permanently restrained and enjoined from infringing upon Plaintiff's trademarks either directly or contributorily in any manner, including:

 (a) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping or marketing the Disputed Products as well as any goods bearing a mark or feature identical and/or confusingly similar to the True Religion Marks;

 (b) Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner the Disputed Products and/or any products bearing marks identical and/or confusingly similar to Plaintiff's True Religion Marks;

 (c) Using the True Religion Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine merchandise;

 (d) Committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiff's genuine merchandise or associated with Plaintiff in any way;

 (e) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(d) above.

6. Plaintiff and Defendants shall bear their own costs and attorneys' fees associated with this action.

7. The execution of this Consent Judgment shall serve to bind and obligate the parties hereto.

/ / /

/ / /

/ / /

/ / /

1  8. The jurisdiction of this Court is retained for the purpose of making any
2 further orders necessary or proper for the construction or modification of this Final
3 Judgment, the enforcement thereof and the punishment of any violations thereof.
4 Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED: December 6, 2012

_____
Hon. Stephen V. Wilson
**United States District Judge**